IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 18-CR-00213-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DANIEL LOVATO,

      Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

      This matter is before the court for detention hearing on May 21, 2018. The court has taken judicial notice of the court's file and the pretrial services report. In addition, the court has considered the proffers by the defendant and the government. **The defendant is not contesting detention.**

      In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1)     [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)     the weight of the evidence against the person;

(3)     the history and characteristics of the person, including –

(A)     the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B)     whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)     the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report

and the entire court file, and have considered the proffer submitted by the government and defense counsel and the arguments of counsel.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Indictment with Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1).

Second, based upon Indictment, I find probable cause exists that defendant committed the above charged offense.

Third, I find that nature of the charge in this case involves the possession of a ammunition by a previously convicted felon.

Fourth, I find that defendant's employment status and time in the community are unknown.  Defendant does not possess a Colorado Driver's License.  Defendant has suffered **juvenile adjudications** for Criminal Attempt (felony); First Degree Criminal Trespass (felony); and Possession of a Handgun by a Juvenile.  Defendant has suffered **adult convictions** for Harassment- Strikes, Shoves, or Touches; Domestic Violence; False Reporting- False Identification Information; Forgery- Deeds/Wills/Contracts (felony); Attempted Theft $200-$10,000 (felony); Attempted Escape-Attempt/Felony Pending (felony); DUR; Attempted Theft $500-$15,000 (felony); Criminal Mischief $100-500; Attempted Second Degree Assault (felony); Third Degree Assault Knowingly Recklessly Cause Injury; First Degree Assault-Serious Bodily Injury with a Deadly Weapon (felony); Disorderly Conduct-Offensive Gesture; and Speeding 20-24 Over Limit 70/50. Defendant has committed new crimes while on probation and while on parole. Defendant has suffered many failures to appear and/or failures to comply in the past resulting in warrants being issued.  Defendant has had his probation; community corrections sentences; and parole revoked on many occasions. *See* criminal history section of the pretrial services report dated May 18, 2018. Defendant is a flight risk and a danger to the community.

In light of these facts, I find, by clear and convincing evidence, that defendant is both a flight risk and a danger to the community and  that no condition or combination of conditions of release will reasonably assure his presence in court and the safety of

the community.  Accordingly, I order that the defendant be detained without bond.

Done this 21st day of May, 2018.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge